HONORABLE RONALD B. LEIGHTON



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CERNER MIDDLE EAST LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>BELBADI ENTERPRISES LLC, and VANDEVCO LIMITED,<br><br>Defendants. | CASE NO. C16-5706RBL<br><br>ORDER ON MOTION FOR ATTORNEYS' FEES<br><br>[Dkt. #s 56 & 59] |

THIS MATTER is before the Court on Defendant Belbadi and Vandevco's Motion for Attorneys' Fees [Dkt. #s 56 & 59], following this Court's Order dismissing Cerner's claims against them without prejudice for lack of jurisdiction [Dkt. #45].

Belbadi (and Vandevco) argue they are the prevailing party and that they are entitled to their fees under RCW 4.84.330. They seek $67,064 [Dkt. # 56] and a supplemental award of $53,092 [Dkt. #59], and costs of $400.

Belbadi and Vandevco argue that Cerner sued to enforce the Belbadi Guarantees, which included a provision allowing Cerner to recover its fees in the event of a lawsuit. Cerner sued in Washington, and under Washington law, they claim, a contractual fee-shifting provision is bilateral, even if the contract only provides that one of the parties is entitled to fees:

ORDER - 1

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.
>
> Attorneys' fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorneys' fees is void.
>
> As used in this section **"prevailing party" means the party in whose favor final judgment is rendered.**

Wash. Rev. Code Ann. § 4.84.330 (2011) (emphasis added). They prevailed, they claim, and the Washington statute thus entitles them to recover their fees.

Cerner argues[1] that Belbadi and Vandevco did not "prevail" in the "final" sense required for fee-shifting[2] under the Washington statute. The case was dismissed without prejudice, leaving it free to pursue its claim elsewhere. Indeed, defendants' primary and successful argument for dismissal was that it should do so. Cerner argues that under RCW 4.84.330, even "bilateral" contract fees are available only when a party obtains a "final judgment" in its favor.

It relies on *Wachovia SBA Lending v. Kraft*, 138 Wn. App. 854 (2007)[3], which held that a defendant is not entitled to his fees when the plaintiff takes a voluntary nonsuit. A final

---

[1] Cerner does not dispute reasonableness of the rates or the hours expended by defendants' attorneys.

[2] The Washington Supreme Court points out that the statute is not really a "fee-shifting statute," which it describes as one "designed to punish frivolous litigation and encourage meritorious litigation." Instead, the statute's sole purpose is to make unilateral contract provisions bilateral. *Wachovia SBA Lending v. Kraft*, 200 P.3d 683, 686-7 (2009). The Court uses the phrase in the sense of a contract awarding fees to the prevailing party.

[3] The Court of Appeals' decision was affirmed by the Washington Supreme Court. *Wachovia SBA Lending v. Kraft*, 200 P.3d 683, 686-7 (2009) ("RCW 4.84.330 is designed to make a unilateral attorney fee provision bilateral when a contracting party receives a final judgment. . . . A voluntary dismissal is not a final judgment as contemplated under RCW 4.84.330.[.]").

ORDER - 2

judgment, it held, is one that has preclusive effect. A dismissal without prejudice for want of jurisdiction does not have preclusive effect.

Belbadi and Vandevco argue that a defendant who succeeds in obtaining dismissal on jurisdictional grounds has "prevailed" for purposes of the statute. It argues that "final" does not mean "on the merits." But the authorities upon which it relies do not interpret or apply the Washington statute, or any analogous statute or situation. *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923 (7th Cir. 2000), for example, involved Montana law, a § 1983 claim and Rule 11 sanctions. It did not involve a unilateral fee provision in a contract, made bilateral by statute in the event of a final judgment. It did not hold that a judgment can be "final" even if it is without prejudice.

A judgment's "finality" does not necessarily depend on it being "on the merits;" it depends on whether, unlike Cerner (and the plaintiff in *Wachovia*), the plaintiff is "free to file a new file a new action against the defendant, leaving final judgment on their dispute for a future day." *See Wachovia* at 138 Wash. App. at 862; Dkt. # 62 at 3. A voluntary dismissal, like a dismissal for want of jurisdiction, leaves the parties as if the suit had never been filed. Belbadi and Vandevco did not obtain a final judgment for purposes of RCW 4.84.330.

This conclusion is bolstered by another fact, not addressed by the parties. Cerner did not bring a Washington contract action, and it did not dispute that the contract at issue was enforceable (only) under the law of the U.A.E. It did seek judgment, and fees, but it did not put into play any contract governed by Washington law. The Court does not know whether the U.A.E. has a similar "unilateral is bilateral" contractual fee-shifting mechanism, or whether a court there would enforce any contractual attorney fee provision. Belbadi and Vandevco addressed this issue only in a footnote, but it is far from clear that RCW 4.84.330 applies to this

ORDER - 3

1 | U.A.E. contract dispute, at all. The defendants cite no authority for the proposition that the
2 | Washington statute applies to contracts sought to be construed and enforced under the law of a
3 | different jurisdiction.

The defendants' Motion for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated this 26th day of May, 2017.

Ronald B. Leighton
United States District Judge